Dear Mr. Rideau:
You have requested an opinion of the Attorney General regarding whether the City of Baker's Chief of Police, acting as marshal, may transfer a portion of the funds deposited into the marshal's office from the Baker City Court pursuant to La.R.S. 13:1899(C) into the general fund of the City of Baker, and thereafter the City of Baker use the funds to supplement the salaries of the Chief of Police and his secretaries. Your request has been assigned to me for research and reply.
The City of Baker is a pre-1974 home rule charter government. The Chief of Police of the City of Baker serves as the executive officer of the Baker City Court, and as such, performs all normal duties of a marshal.[1] The Baker City Court is governed and operated in accordance with the provisions of La.R.S. 13:1871 et seq.[2]
La.R.S. 13:1899(C) provides for additional costs of court in criminal matters to defray operational expenses of the office of marshal of the court. La.R.S. 13:1899 provides in pertinent part as follows:
1899. Assessment and disposition of costs in criminal court
A. Except as otherwise provided by law, in all criminal matters, including traffic violation cases, in addition to the fine or other penalty which may be legally imposed against every defendant who is convicted after trial or after a plea of guilty or who forfeits his bond, the judge may assess costs of court in an amount not to exceed thirty dollars. *Page 2 
B. Except as otherwise provided by law, the proceeds derived from these costs shall be deposited in a special account which shall be subject to audit, and used for the operational expenses of the court or for the payment of clerical fees or other similar expenditures as may be approved by the judge.
C. In all criminal matters, when the office of the marshal has derived one hundred thousand dollars or more in revenues for the year 2004 from costs assessed pursuant to this Subsection, the city judge shall assess, in addition to the costs assessed in Subsection A, the sum of fifteen dollars as additional costs of court. In all criminal matters, when the office of the marshal has derived less than one hundred thousand dollars in revenues for the year 2004 from costs assessed pursuant to this Subsection, the city judge shall assess, in addition to the costs assessed in Subsection A, the sum of thirty dollars as additional costs of court. The proceeds shall be deposited in a special account, separate and distinct from the account provided for in Subsection B of this Section, which account shall be in the name of and under the control of the marshal or constable of the court, shall be subject to audit, and shall be used to defray operational expenses of the office of marshal or constable of the court, all as may be useful and necessary for the proper conduct of the marshal's or constable's office, or for purchase of law enforcement equipment, and all as may be proved by the marshal or constable . . . (Emphasis added).
As statutorily provided by law, the proceeds referenced in La.R.S. 13:1899(C) are being deposited in a special account under the control of the Chief of Police, acting as marshal.[3] You have asked our office whether the funds deposited into the special account can be transferred to the City of Baker's General Fund. The proposed transaction contemplates the transfer of public funds. If the Chief of Police transfers public funds from the special account which is under his control as Chief of Police, to the City of Baker's general fund without receiving equivalent value in exchange for the transfer, the transfer would constitute a prohibited donation pursuant to Article VII, Section 14 of the Louisiana Constitution.
However, as explained more fully below, the City of Baker's Chief of Police may directly use the funds deposited into the special account pursuant to La.R.S. 13:1899(C) to supplement the pay of his secretaries. Thus, it is not necessary for the Chief of Police to transfer funds to the City of Baker's general fund.
La.R.S. 13:1899(C) specifically authorizes the City of Baker's Chief of Police to use funds deposited into the special account for operational expenses, as long as the *Page 3 
expenditures are reasonable, useful and necessary for the proper conduct of his office. It seems a reasonable interpretation that supplemental pay to secretaries could be considered a qualified operational expense of the office of marshal. Nevertheless, it is incumbent upon the City of Baker's Chief of Police, acting as marshal, to make a decision as to whether the expenditure for supplemental pay is reasonable, necessary and useful for the proper conduct of his office.[4] Please note that the expenditures are subject to review by the Louisiana Legislative Auditor.
You have also asked our office whether the funds deposited into the special account can be transferred by the City of Baker's Chief of Police, acting as marshal, to the City of Baker's General Fund in order for such funds to be used to increase the City of Baker's Chief of Police's salary. La.R.S. 13:1881(B) prohibits the marshal from supplementing or fixing his own salary. Louisiana law thus prohibits a city marshal, including the Baker Chief of Police acting as marshal, from supplementing or fixing his own salary with funds from the marshal's special fund. The Baker Chief of Police, acting as marshal, may not do directly what he is not by law permitted to do directly. We are of the opinion, therefore, that the Baker Chief of Police, acting as marshal, may not transfer funds to the City of Baker's general fund in order to increase his own salary.
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
With best regards,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY:__________________________ Erin C. Day Assistant Attorney General
JDC: ECD
[1] La.R.S. 13:2488.30 and City of Baker's Home Rule Charter Sec. 4-19.
[2] La.R.S. 13:2488.38.
[3] The statutory alternative of the special account being in the name of the constable of the court is not applicable to the City of Baker where the Chief of Police specifically serves as the marshal rather than the constable.
[4] See La. Atty. Gen. Op. No. 97-175.